UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TERRY P. ROBARDS                                                  PETITIONER

vs.                                        CIVIL ACTION NO. 3:16CV-309-CRS
                                             CRIMINAL ACTION NO. 3:13CR-28-CRS

UNITED STATES OF AMERICA                                DEFENDANT

## MEMORANDUM OPINION

This matter was referred to the United States Magistrate Judge who issued Findings of Fact, Conclusions of Law, and Recommendation (DN 76)(the "report") addressing petitioner Terry P. Robards' petition for post-conviction relief under 28 U.S.C. §2255. The magistrate judge recommended that Robards' petition be denied. There have been no objections filed to the report.

When there is no objection, the court need not "review . . . a magistrate [judge's] factual or legal conclusions, under a *de novo* or any other standard . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, in light of the recent Sixth Circuit ruling in *Potter v. United* States, 887 F.3d 785, 788 (6th Cir. 2018), decided a number of months after the magistrate judge conducted his review, the court will briefly discuss the magistrate judge's report.

Robards was indicted on one count for being a convicted felon in possession of four firearms. The United States also referenced the Armed Career Criminal Act (the "ACCA") and listed three prior felony convictions in the single-count indictment: (1) a 1999 conviction for first-degree possession of a controlled substance, (2) a 2001 conviction for second-degree

assault, first-degree unlawful imprisonment, and intimidating a witness, and (3) a 2011 conviction for manufacturing methamphetamine and tampering with physical evidence. Robards pled guilty. He did not object at sentencing to the presentence report's statement that he qualified as an armed career criminal under the ACCA with "at least three prior convictions for violent felony or serious drug offense, or both which were committed on different occasions." (DN 41). On January 8, 2015, Robards was sentenced to 180 months to run concurrently with an undischarged portion of a state court sentence. The sentencing judge[1] found, based upon the unchallenged Presentence Report's statement, that Robards was an armed career criminal subject to an enhanced sentence under 18 U.S.C. § 924(e). The court did not specify which offenses qualified under which statutory clause or clauses of the ACCA to determine his status as an armed career criminal.

Under the Armed Career Criminal Act (ACCA), a person convicted under 18 U.S.C. § 922(g) who also has "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be fined under this title and imprisoned not less than fifteen years . . ." 18 U.S.C. § 924(e)(1). A 'violent felony' is defined as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . ."

Subsection (i), *has as an element the use, attempted use, or threatened use of physical force*, is known as the 'elements clause.' The beginning of subsection (ii), *burglary, arson, or extortion*, is known as the 'enumerated felonies clause.' The end of subsection (ii), *otherwise*

---

[1] United States District Judge John G. Heyburn II

*involves conduct that presents a serious potential risk of physical injury to another*, is known as the 'residual clause.'

On June 26, 2015, the United States Supreme Court decided in *Johnson v. United States*, 135 S.Ct. 2551 (2015) that the residual clause of the ACCA was unconstitutionally vague and held that ACCA sentences imposed for crimes found to qualify as 'violent felon[ies]' under the residual clause violate the defendants' due process rights. *Johnson* was made retroactive on collateral review by *Welsh v. United States*, 136 S.Ct. 1257 (2016), decided April 18, 2016.

Robards filed a § 2255 petition on May 24, 2016 seeking a new sentencing hearing, alleging that the three predicate offenses identified in the indictment were evaluated under the residual clause in imposing sentence under the ACCA and thus are non-qualifying offenses under *Johnson*.

In a detailed thirteen-page report addressing Robards' petition, the magistrate judge correctly rejected Robards' argument that *Johnson* applies and entitles him to a new sentencing hearing.

The United States Court of Appeals for the Sixth Circuit set out a rubric for proper analysis of *Johnson* challenges in this circuit.[2] In *Potter v. United* States, 887 F.3d 785, 788 (6th Cir. 2018), the court held that, "as the proponent of a § 2255 motion…[the petitioner] has the burden to show he deserves relief." (*citing Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006)). The court found that Potter failed to establish that he was entitled to relief as "neither the presentence report nor the sentencing transcript show[ed] that the district court relied on the residual clause, or, to be more precise, relied only on the residual clause." *Id.* The Court so concluded because, at the time of Potter's sentencing, there were cases that treated the particular

---

[2] There is a split of authority among the circuits concerning the approach to be taken in addressing these challenges.

state crime of conviction (in Potter's case, burglary) under a clause other than the residual clause (in Potter's case, the enumerated crimes clause) in applying the ACCA. The Court of Appeals noted that requiring a petitioner to show that the sentencing court relied only on the residual clause in applying the ACCA enhancement was consistent with the "normal burdens in cases seeking collateral relief." *Id.*

Here, the magistrate judge correctly found that Robards' conviction for second-degree assault qualifies as a 'violent felony' under § 924(e)(2)(B)(i), as Kentucky law requires proof of physical injury for conviction. The ACCA defines 'violent felony' to include a crime punishable by imprisonment for more than one year and "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). The magistrate judge found no merit to Robards' argument that his conviction for second-degree assault is a non-qualifying offense under the ACCA in light of *Johnson*, as the assault conviction qualified as a crime of violence under the "force clause." The magistrate judge cited *United States v. Collins*, 799 F.3d 554 (6th Cir. 2015) which addressed the very argument made by Robards concluding that second-degree assault under Kentucky law qualifies as a crime of violence under the "force" clause, § 924(e)(2)(B)(i), due to the element of physical injury required by the Kentucky statute. Thus the magistrate judge concluded that Robards did not establish that his second degree assault conviction was found to qualify under the "residual clause," and *Johnson* did not apply.

The *Collins* case was decided in August of 2015, seven months after Robards was sentenced. Under *Potter*, the *Collins* case is not itself part of the body of relevant authority because it was not existing caselaw at the time of Robards' sentencing. In assessing Robards' argument, "the relevant background legal environment is, so to speak, a 'snapshot' of what the

controlling law was at the time of sentencing and does not take into account post-sentencing decisions that may have clarified or corrected pre-sentencing decisions." *United States v. Snyder*, 871 F.3d 1122, 1129 (10th Cir. 2017); *Potter*, 887 F.3d at 788.

However, *Collins* relied on *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012) which is relevant authority. The Court of Appeals for the Sixth Circuit analyzed an Ohio assault statute under which Anderson had been previously convicted. That statute required the same "physical harm" element as the Kentucky statute and therefore the Sixth Circuit analysis finding such assault to fall under the "force" clause of the ACCA's definition of 'violent felony' was established at the time of Robards' sentencing and is equally applicable to the Kentucky statute in issue here. Thus, a deep dive into the *Collins* case reveals relevant authority within *Collins* which supports the result reached in that case *and* supports the magistrate judge's conclusion that Robards has failed to meet his burden to show that he was sentenced under the "residual clause," the only clause of the 'violent felony' definition of the ACCA impacted by *Johnson*.

The magistrate judge also correctly held that, as *Johnson* only invalidated the residual clause of the definition of a violent felony under the ACCA, the case is inapplicable to the serious drug offenses of which he was convicted – manufacturing methamphetamine and first-degree possession of a controlled substance. The analysis of these crimes is governed by another clause of the ACCA which remains unaffected by *Johnson*.

The magistrate judge concluded that these were indeed 'serious drug offenses.' He further found that any argument that these were *not* serious drug offenses for purposes of the application of the ACCA constituted a time-barred claim. The one year period during which Robards was permitted to mount such a challenge ran from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). For Robards, the date was January 29, 2015.

As his petition was not filed until May 19, 2016, the time for filing such a challenge had already expired, and *Johnson* cannot be used to extend the statute of limitations. *See, ie., Potter, supra.* (holding that *Johnson* does not "open the door" for late challenges under old rules of statutory law).

We conclude that the magistrate judge carefully reviewed the facts and Robards' challenges, and correctly applied the law to the facts herein. We will therefore accept and adopt the magistrate judge's report in its entirety, deny Robards a certificate of appealability, and dismiss the petition with prejudice. A separate order will be entered herein this date in accordance with this opinion.

July 16, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

**IT IS SO ORDERED.**

cc: Counsel of Record
Terry P. Robards, *pro se*
Prisoner #14850-033
FCI Ashland
P.O. Box 6001
Ashland, KY 41105